Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC LINK TRADE USA, INC., a Georgia corporation,<br><br>        Defendant. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, BREACH OF CONTRACT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendant Pacific Link Trade USA, Inc. ("Defendant") and alleges as follows:

## I. THE PARTIES

1. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Pacific Link Trade USA, Inc. is a corporation organized and existing under the laws of the state of Georgia, having its principal place of business at 1223 Coronet Drive, Suite 3, Dalton, Georgia 30720.

3. Oakley is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action that relate to design patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1125(a), 15 U.S.C. §§ 1116(a) and 1121(a), and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including

- 1 -

but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b) and by agreement of the parties.

### III. GENERAL ALLEGATIONS

7. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8. Oakley manufactures and sells sunglasses under the trademark HALF JACKET® bearing distinctive trade dress in the overall design of the front frame ("HALF JACKET Trade Dress"). An example of an Oakley product bearing the distinctive HALF JACKET Trade Dress is depicted in the photograph attached as Exhibit 1.

9. As a result of Oakley's widespread use and display of the HALF JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HALF JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HALF JACKET Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the HALF JACKET Trade Dress has established strong secondary meaning and extensive goodwill.

10. Oakley also manufactures and sells sunglasses under the trademark STRAIGHT JACKET ® bearing distinctive trade dress in the overall design of the stems ("STRAIGHT JACKET Trade Dress"). An example of an Oakley product bearing the distinctive STRAIGHT JACKET Trade Dress is depicted in the photograph attached as Exhibit 2.

11. As a result of Oakley's widespread use and display of the STRAIGHT JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the STRAIGHT JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the STRAIGHT JACKET Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the STRAIGHT JACKET Trade Dress has established strong secondary meaning and extensive goodwill.

12. Oakley also manufactures and sells sunglasses under the trademark FLAK JACKET ® bearing distinctive trade dress in the overall design of the stems ("FLAK JACKET Trade Dress"). An example of an Oakley product bearing the distinctive FLAK JACKET Trade Dress is depicted in the photograph attached as Exhibit 3.

13. As a result of Oakley's widespread use and display of the FLAK JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the FLAK JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the FLAK JACKET Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) the FLAK JACKET Trade Dress has established strong secondary meaning and extensive goodwill.

14. On June 10, 1997, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Patent No. 5,638,145 ("the '145 Patent"), entitled "VENTED EYEGLASS LENS." Oakley is the owner by assignment of all right, title, and interest in the '145 Patent. A true and correct copy of the '145 Patent is attached hereto as Exhibit 4.

15. On February 1, 2000, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. Des. 420,036 ("the D036 Patent"), entitled "EYEGLASS COMPONENTS." Oakley is the owner by assignment of all

- 3 -

right, title, and interest in the D036 Patent. A true and correct copy of the D036 Patent is attached hereto as Exhibit 5.

16. On August 21, 2001, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D446,804 ("the D804 Patent"), entitled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D804 Patent. A true and correct copy of the D804 Patent is attached hereto as Exhibit 6.

17. On January 28, 2003, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D469,458 ("the D458 Patent"), entitled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D458 Patent. A true and correct copy of the D458 Patent is attached hereto as Exhibit 7.

18. On December 4, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D556,818 ("the D818 Patent"), entitled "EYEGLASS COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D818 Patent. A true and correct copy of the D818 Patent is attached hereto as Exhibit 8.

19. On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,443 ("the D443 Patent"), entitled "EYEGLASSES COMPONENTS." Oakley is the owner by assignment of all right, title, and interest in the D443 Patent. A true and correct copy of the D443 Patent is attached hereto as Exhibit 9.

20. On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,450 ("the D450 Patent"), entitled "EYEGLASS." Oakley is the owner by assignment of all right, title, and interest in the D450 Patent. A true and correct copy of the D450 Patent is attached hereto as Exhibit 10.

/ / /

21. On June 1, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D616,919 ("the D919 Patent"), entitled "EYEGLASS FRONT." Oakley is the owner by assignment of all right, title, and interest in the D919 Patent. A true and correct copy of the D919 Patent is attached hereto as Exhibit 11.

22. On August 31, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D622,755 ("the D755 Patent"), entitled "EYEGLASS COMPONENT." Oakley is the owner by assignment of all right, title, and interest in the D755 Patent. A true and correct copy of the D755 Patent is attached hereto as Exhibit 12.

23. Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

24. Defendant manufactures, uses, sells, offers for sale and/or imports into the United States eyewear that infringe Oakley's patent and trade dress rights.

## IV. FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

25. Oakley repeats and re-alleges the allegations of paragraphs 1-24 of this Complaint as if set forth fully herein.

26. This is a claim for patent infringement under 35 U.S.C. § 271.

27. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the '145 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by at least one claim of the '145 Patent, including for example, Defendant's sunglass models 506 POLAR VX and VERTX 56001 (vented lens).

/ / /

- 5 -

28. Defendant, through its agents, employees and servants, has knowingly, intentionally and willfully infringed the D036 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that was covered by the claim of the D036 Patent, including for example, Defendant's sunglass models 8666, VERTX 51002 and VERTX 51008.

29. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D804 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D804 Patent, including for example, Defendant's sunglass models 8262 and VERTX 51003.

30. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D458 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D458 Patent, including for example, Defendant's sunglass model VERTX 51009.

31. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D818 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D818 Patent, including for example, Defendant's sunglass model 18310.

32. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D443 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D443 Patent, including for example, Defendant's sunglass model VERTX 58006.

33. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D450 Patent by

directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D450 Patent, including for example, Defendant's sunglass model 18309.

34. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D919 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D919 Patent, including for example, Defendant's sunglass model 18307.

35. Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D755 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D755 Patent, including for example, Defendant's sunglass model 9005.

36. Defendant's acts of patent infringement were undertaken without permission or license from Oakley. Oakley is informed and believes, and thereon alleges, that Defendant had knowledge of each of the asserted patents and its actions constitute willful and intentional patent infringement. Defendant infringed the asserted patents with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of each of the asserted patents. Defendant's acts of infringement were not consistent with the standards for its industry.

37. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

38. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

///

39. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

40. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of Oakley's design patents.

41. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

42. Defendant will continue to infringe the '145 Patent, the D804 Patent, the D458 Patent, the D818 Patent, the D443 Patent, the D450 patent, the D919 Patent, and the D755 Patent to the great and irreparable injury of Oakley, unless enjoined by this Court.

## V. **SECOND CLAIM FOR RELIEF**
(Federal Trade Dress Infringement)
(15 U.S.C. § 1125(a))

43. Oakley repeats and re-alleges the allegations of paragraphs 1-42 of this Complaint as if set forth fully herein.

44. This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

45. Subsequent to Oakley's use and adoption of the HALF JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the HALF JACKET trade dress. For example, the front face of Defendant's VERTX 56001 and 52024 products each use trade dress that is confusingly similar to Oakley's HALF JACKET Trade Dress.

46. Subsequent to Oakley's use and adoption of the STRAIGHT JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the STRAIGHT JACKET trade dress. For example, the stems of Defendant's VERTX 56001 and 52024 products each use trade dress that is confusingly similar to Oakley's STRAIGHT JACKET Trade Dress.

- 8 -

1  47. Subsequent to Oakley's use and adoption of the FLAK JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the FLAK JACKET trade dress.  For example, the stems of Defendant's VERTX 52001 product uses trade dress that is confusingly similar to Oakley's FLAK JACKET Trade Dress.

48. Defendant's use of the HALF JACKET Trade Dress, the STRAIGHT JACKET Trade Dress, and/or the FLAK JACKET Trade Dress in connection with their sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with Oakley.

49. Oakley is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement were undertaken willfully with the express intent to cause confusion, and to mislead and deceive the purchasing public.

50. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's trade dress infringement in an amount that is not presently known to Oakley.  By reason of Defendant's actions, constituting trade dress infringement, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51. Due to Defendant's actions, constituting trade dress infringement, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

52. Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

/ / /

## VI. THIRD CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin)
(15 U.S.C. § 1125(a))

53. Oakley repeats and re-alleges the allegations of paragraphs 1-52 of this Complaint as if set forth fully herein.

54. This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

55. Defendant's use of the HALF JACKET Trade Dress, the STRAIGHT JACKET Trade Dress, and the FLAK JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley, or as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities by Oakley in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

56. Defendant's use of the HALF JACKET Trade Dress, the STRAIGHT JACKET Trade Dress, and the FLAK JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods or commercial activities in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

57. Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the HALF JACKET Trade Dress, the STRAIGHT JACKET Trade Dress, and the FLAK JACKET Trade Dress or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

58. Oakley is informed and believes, and thereon alleges, that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

59. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition and false designation of origin in an amount that is not presently known to Oakley. By reason of Defendant's actions, constituting unfair competition and false designation of origin, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

60. Due to Defendant's actions, constituting unfair competition and false designation of origin, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

61. Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's acts constituting false designation of origin and unfair competition, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## VII. FOURTH CLAIM FOR RELIEF
(Breach of Contract)

62. Oakley repeats and re-alleges the allegations of paragraphs 1-61 of this Complaint as if set forth fully herein.

63. Oakley and Defendant entered into a valid, enforceable, and confidential contract ("Agreement").

64. Oakley has performed all conditions, covenants, and promises required by the Agreement, except for those conditions, covenants, and promises that may be excused due to Defendant's conduct or actions.

65. Through actions described herein, Defendant has breached the Agreement by committing acts that are expressly prohibited by the Agreement.

- 11 -

66. As a direct and proximate result of Defendant's breach of the Agreement, Oakley has been harmed and is entitled to monetary relief in an amount to be determined at trial.

67. As a direct and proximate result of Defendant's breach of the Agreement, Oakley is entitled to its reasonable attorneys' fees, in addition to costs and other relief of the court for the necessity of bringing this claim.

68. As a direct and proximate result of Defendant's breach of the Agreement, Oakley has also suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

## VIII.  FIFTH CLAIM FOR RELIEF
(Unfair Competition)

69. Oakley repeats and re-alleges the allegations of paragraphs 1-68 of this Complaint as if set forth fully herein.

70. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.*, and California common law.

71. Defendant's acts of trade dress infringement, false designation of origin, and breach of contract complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

72. Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

/ / /

/ / /

*1*   73.   By its actions, Defendant has injured and violated the rights of *2* Oakley and has irreparably injured Oakley, and such irreparable injury will *3* continue unless Defendant is enjoined by this Court.

*4*   **WHEREFORE**, Oakley prays for judgment in its favor against *5* Defendant for the following relief:

*6*   A.   That the '145 Patent, the D036 Patent, the D804 Patent, the D458 *7* Patent, the D818 Patent, the D443 Patent, the D450 patent, the D919 Patent, and *8* the D755 Patent each be deemed valid and willfully infringed by Defendant *9* under 35 U.S.C. § 271;

*10*   B.   A preliminary and permanent injunction under 35 U.S.C. § 283 *11* enjoining Defendant, its respective officers, directors, agents, servants, *12* employees and attorneys, and those persons in active concert or participation *13* with Defendant, from infringing the '145 Patent, the D804 Patent, the D458 *14* Patent, the D818 Patent, the D443 Patent, the D450 patent, the D919 Patent, or *15* the D755 Patent in violation of 35 U.S.C. § 271;

*16*   C.   That Defendant account for all gains, profits, and advantages *17* derived by Defendant's infringement of the '145 Patent, the D036 Patent, the *18* D804 Patent, the D458 Patent, the D818 Patent, the D443 Patent, the D450 *19* patent, the D919 Patent, and the D755 Patent in violation of 35 U.S.C. § 271, *20* and that Defendant pay to Oakley all damages suffered by Oakley under 35 *21* U.S.C. § 284 and/or Defendant's total profits from infringement of the D036 *22* Patent, the D804 Patent, the D458 Patent, the D818 Patent, the D443 Patent, the *23* D450 patent, the D919 Patent, and the D755 pursuant to 35 U.S.C. § 289;

*24*   D.   An Order for a trebling of damages and/or exemplary damages *25* because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

*26*   E.   An Order deeming this to be an exceptional case within the *27* meaning of 35 U.S.C. § 285, entitling Oakley to an award of its reasonable *28* attorneys' fees, expenses and costs in this action;

- 13 -

F. That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a);

G. That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using Oakley's HALF JACKET Trade Dress, STRAIGHT JACKET Trade Dress, FLAK JACKET Trade Dress or any other trade dress that is confusingly similar to either Oakley's HALF JACKET Trade Dress, STRAIGHT JACKET Trade Dress, or FLAK JACKET Trade Dress;
2. falsely designating the origin of Defendant's goods;
3. unfairly competing with Oakley in any manner whatsoever;
4. causing a likelihood of confusion or injuries to Oakley's business reputation; or
5. manufacturing, using, displaying, distributing, or selling any goods that infringe Oakley's HALF JACKET Trade Dress, STRAIGHT JACKET Trade Dress, or FLAK JACKET Trade Dress;

H. That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, and unfair competition and that Oakley be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

/ / /

/ / /

- 14 -

  1. all profits received by Defendant from sales and revenues of any kind made as a result of its trade dress infringement, false designation of origin, and/or unfair competition, said amount to be trebled;

  2. all damages sustained by Oakley as a result of Defendant's acts of trade dress infringement, false designation of origin, and unfair competition and that such damages be trebled; and

  3. that, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

I. An Order adjudging that Defendant has breached its contractual obligations owed to Oakley under the Agreement;

J. That Defendant account for all gains, profits, and advantages derived by Defendant's breach of contract and that Defendant pay to Oakley all damages suffered by Oakley as a result of Defendant's breach of contract;

K. That Oakley have and recover its actual attorneys' fees, expenses and costs for Defendant's breach of contract;

L. That interest be awarded on all applicable damages resulting from Defendant's breach of contract under California Civil Code § 3289;

M. That Defendant be adjudged to have competed unfairly with Oakley under the common law of the State of California, and that Defendant's actions in doing so be adjudged willful and malicious;

N. For an Order adjudging Defendant to have competed unfairly with Oakley under California Business & Professions Code § 17200, *et seq.*, and that Defendant's actions in doing so be adjudged intentional, willful and done knowingly;

/ / /

O.  For a permanent injunction enjoining Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from engaging in any act or practice which constitutes unfair competition against Oakley;

P.  For an award to Oakley of any and all other specific, general and compensatory damages according to proof;

Q.  For an order that the actions of Defendant were willful, intentional, and/or malicious and awarding Oakley punitive damages;

R.  An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

S.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 23, 2014           By: */s/ Ali S. Razai*
                                   Michael K. Friedland
                                   Ali S. Razai
                                   Samantha Y. Hsu

                                   Attorneys for Plaintiff
                                   OAKLEY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 23, 2014   By: */s/ Ali S. Razai*
Michael K. Friedland
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC.

18498969